UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL CLARK,<br><br>                                          *Plaintiff*,<br>v.<br><br>HEATHER FRANTZ, DOOR DASH, INC. and ALLSTATE INSURANCE COMPANY,<br><br>                                         *Defendants*. | Civil Action No. 2:22-cv-03754 |

**NOTICE OF REMOVAL**

Defendant DoorDash, Inc. ("DoorDash"), by and through its counsel, Clark Hill PLC, and pursuant to 28 U.S.C. § 1441 and 1446, does hereby file this Notice of Removal to remove this case to the United States District Court for the Eastern District of Pennsylvania, stating as follows:

**I.    BACKGROUND INFORMATION**

       1.      On August 9, 2022, Plaintiff Michael Clark ("Plaintiff") filed this action in the Court of Common Pleas for Philadelphia County at Docket No. 220801057 naming Heather Frantz ("Ms. Frantz"), DoorDash, and Allstate Insurance Company ("Allstate") as defendants. (*See* Plaintiff's Complaint, attached hereto as Exhibit A).

       2.      Plaintiff served the Complaint on DoorDash on or about August 22, 2022 via certified mail. (*See* DoorDash Affidavit of Service, attached hereto as Exhibit B).

       3.      Plaintiff served the Complaint on Ms. Frantz on or about August 22, 2022 via certified mail. (*See* Heather Frantz Affidavit of Service, attached hereto as Exhibit C.)

4. Plaintiff alleges that on August 20, 2022, he "was the operator of a motor vehicle traveling on E. Lancaster Avenue at or near the address of 555 E. Lancaster Avenue, Radnor Township within the Commonwealth of Pennsylvania," when he was involved in a motor vehicle accident with Ms. Frantz. (*See* Plaintiff's Complaint, Exhibit A, at ¶ 14).

5. Plaintiff further alleges that, at the time of the accident, Ms. Frantz was using the DoorDash application. (*Id.*).

6. The alleged injuries from the accident include injuries to Plaintiff's "neck, shoulders, back, knees, internal injuries of an unknown nature, severe aches, pains, mental anxiety and anguish, severe shock to his entire nervous system, exacerbation of all known and unknown pre-existing medical conditions, if any, and other injuries that will represent a permanent and substantial impairment of Plaintiff's bodily functioning that impairs Plaintiff's ability to perform his daily life activities, and the full extent of which is not yet known." (*Id.* at ¶ 33).

7. Plaintiff also claims "mental anguish, humiliation, and embarrassment," and the "severe loss of his earnings and/or impairment of his earning capacity." (*Id.* at ¶¶ 34, 38).

8. One count of negligence is asserted against Ms. Frantz and DoorDash. (*Id.* at Count I).

9. An additional count of negligent entrustment is set forth as to DoorDash. (*Id.* at Count II).

10. Finally, Plaintiff filed claims against his personal insurance carrier, Allstate Insurance Company ("Allstate"), for purportedly denying his claim for underinsured/uninsured motorist benefits in bad faith. (*Id.* at Counts III - V).

11. This matter was filed in the Philadelphia Court of Common Pleas as a non-jury matter with the amount in controversy in excess of $50,000.

## II. COMPLETE DIVERSITY

12. As alleged in his Complaint, Plaintiff is an individual residing at 1046 11th Avenue, Folsom, PA 19033. (*See* Plaintiff's Complaint, Exhibit A).

13. Defendant DoorDash is a corporation with its principle place of business located at 303 2nd Street, Suite 800, San Francisco, California 94017. (*Id.*).

14. Defendant Frantz is an individual residing at 27219 Caravel Drive, Millsboro, Delaware 19966. (*Id.*).

15. Defendant Allstate is a corporation with its principal place of business at 2775 Sanders Road, Northbrook, Illinois 60062. (*Id.*).

## III. AMOUNT IN CONTROVERSY

16. As set forth above, Plaintiff alleges a litany of injuries ranging from neck, shoulder and back injuries, to mental anguish and humiliation, as a result of the subject accident. (*Id.* at ¶¶ 33-34).

17. Plaintiff further claims that he has suffered a "severe loss of his earnings and/or impairment of his earning capacity." (*Id.* at ¶¶ 34, 38).

18. Additionally, Plaintiff is seeking punitive damages, court costs and attorney's fees as to Allstate. (*Id.* at Count V).

19. Although Plaintiff's alleged compensatory damages alone appear to meet the threshold for diversity jurisdiction, punitive damages are also properly considered in determining the amount in controversy. *Packard v. Provident Nat'l Bank*, 994 F.2d 1039 (3d Cir. 1993).

20. Plaintiff's request for attorney's fees must also be considered when analyzing the amount in controversy because recovery of these fees is available under Pennsylvania's bad faith statute. *Suber v. Chrysler Corp.*, 104 F.3d 578 (3d Cir. 1997); 42 Pa. C.S. § 8371.

21. In total, Plaintiff's claims for compensatory damages, punitive damages, interest and costs in this matter exceed the $75,000 threshold for diversity jurisdiction.

## IV. CONCLUSION

22. This action is properly removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1442 because the procedural requirements for removal have been satisfied, and this Court has subject matter jurisdiction over this action pursuant to 18 U.S.C. § 1332.

23. Counsel for Defendant Frantz consents to the removal of this action.

24. Defendant Allstate has not been served, and therefore no consent is practicable or required.

Respectfully submitted,

**CLARK HILL PLC**

*/s/ Andrew P. Carroll*
Andrew P. Carroll (316334)
2001 Market Street, Suite 2620
Philadelphia, PA 19103
P: 215.640.5835
F: 215.640.8501

Date: September 20, 2022          apcarroll@clarkhill.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 20, 2022, the above filing was served on all parties of via electronic mail and certified mail.

                                                  **CLARK HILL PLC**

                                                  */s/ Andrew P. Carroll*
                                                  Andrew P. Carroll