# EXHIBIT "A"

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

| For Prothonotary Use Only (Docket Number) | |
|---|---|
| **AUGUST 2022** | **001057** |
| E-Filing Number: 2208015402 | |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| MICHAEL CLARK | HEATHER FRANTZ |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 1046 11TH AVE<br>FOLSOM PA 19033 | 27219 CARAVEL DRIVE<br>MILLSBORO DE 19966 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | DOOR DASH, INC. |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | 303 2ND STREET SUITE 800<br>SAN FRANCISCO CA 94017 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | ALLSTATE INSURANCE COMPANY |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | 2775 SANDERS ROAD<br>NORTHBROOK IL 60062 |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION | | |
|---|---|---|---|---|
| 1 | 3 | ☒ Complaint ☐ Petition Action ☐ Notice of Appeal<br>☐ Writ of Summons ☐ Transfer From Other Jurisdictions | | |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| ☐ $50,000.00 or less<br>☒ More than $50,000.00 | ☐ Arbitration<br>☐ Jury<br>☒ Non-Jury<br>☐ Other: | ☐ Mass Tort<br>☐ Savings Action<br>☐ Petition | ☐ Commerce<br>☐ Minor Court Appeal<br>☐ Statutory Appeals | ☐ Settlement<br>☐ Minors<br>☐ W/D/Survival |

**CASE TYPE AND CODE**

2V - MOTOR VEHICLE ACCIDENT

**STATUTORY BASIS FOR CAUSE OF ACTION**

| RELATED PENDING CASES (LIST BY CAPTION AND DOCKET NUMBER) | FILED<br>PRO PROTHY<br>AUG 09 2022<br>I. LOWELL | IS CASE SUBJECT TO COORDINATION ORDER?<br>YES          NO |
|---|---|---|

**TO THE PROTHONOTARY:**

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: MICHAEL CLARK

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| SEAN M. FULMER | SCHATZ & STEINBERG<br>1500 JFK BLVD. SUITE 1300<br>2 PENN CENTER<br>PHILADELPHIA PA 19102 |

| PHONE NUMBER | FAX NUMBER |
|---|---|
| (215)845-0250 | (215)845-0255 |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 309245 | sfulmer@s2firm.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| SEAN FULMER | Tuesday, August 09, 2022, 11:59 am |

FINAL COPY (Approved by the Prothonotary Clerk)

**SCHATZ, STEINBERG & KLAYMAN**
By: Sean M. Fulmer, Esquire
Attorney I.D. No. 309245
Two Penn Center, Suite 1300
1500 John F. Kennedy Boulevard
Philadelphia, PA 19102
(215)845-0250

*Attorneys for Plaintiff*

Filed and Attested by the
Office of Judicial Records
09 AUG 2022 11:59 am
L. LOWELL

| | | |
|---|---|---|
| **MICHAEL CLARK**<br>1046 11th Avenue<br>Folsom, PA 19033, | : <br> : <br> : <br> : | **COURT OF COMMON PLEAS**<br>**PHILADELPHIA COUNTY** |
| **Plaintiff** | : <br> : | **AUGUST TERM 2022** |
| **v.** | : <br> : <br> : | **NO.** |
| **HEATHER FRANTZ**<br>27219 Caravel Drive<br>Millsboro, DE 19966, | : <br> : <br> : <br> : | |
| **DOOR DASH, INC.**<br>303 2nd Street, Suite 800<br>San Francisco, CA 94017, | : <br> : <br> : <br> : | |
| **-And-** | : <br> : | |
| **ALLSTATE**<br>**INSURANCE COMPANY**<br>2775 Sanders Road<br>Northbrook, IL 60062, | : <br> : <br> : <br> : <br> : | |
| **Defendants** | : | |

## CIVIL ACTION COMPLAINT
## 2V-MOTOR VEHICLE ACCIDENT
## PERSONAL INJURY – 1C – CONTRACT

NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint & Notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

PHILADELPHIA COUNTY BAR ASSOCIATION
Lawyer Referral & Information Service
One Reading Center, 1101 Market Streets
Philadelphia, Pennsylvania 19107
(215) 238-1701

AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias deplazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de s persona. Sea avisado que si used no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder u otros derechos importantes para usted.

LLEVE ESTSASS DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO. VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PAPA AVAERIGUAR DONDE SE PAEDE CONSEGUIR ASISTENCIA LEGAL.

ASOCIACION DE LICENCIADOS DE FILADELFIA
Servico De Refrencia E Informacion Legal
One Reading Center, 1101 Market Streets
Filadelfia, Pennsylvania 19107
(215) 238-1701

**SCHATZ, STEINBERG & KLAYMAN**          *Attorneys for Plaintiff*
By: Sean M. Fulmer, Esquire
Attorney I.D. No. 309245
Two Penn Center, Suite 1300
1500 John F. Kennedy Boulevard
Philadelphia, PA 19102
(215)845-0250

| | | |
|---|---|---|
| **MICHAEL CLARK** | : | **COURT OF COMMON PLEAS** |
| | : | **PHILADELPHIA COUNTY** |
| **Plaintiff** | : | **AUGUST TERM 2022** |
| | : | |
| **v.** | : | **NO.** |
| | : | |
| **HEATHER FRANTZ, et al,** | : | |
| | : | |
| **Defendants** | : | |

## CIVIL ACTION COMPLAINT
## NEGLIGENCE – 2V – MOTOR VEHICLE ACCIDENT

1.      Plaintiff, Michael Clark, is an adult individual residing at the above-captioned address.

2.      Defendant, Heather Frantz, is an adult individual residing at the above-captioned address.

3.      Defendant, DoorDash, Inc., is a corporation or other business entity existing, operating, and doing business under the laws of the Commonwealth of Pennsylvania, which maintains its principal place of business at the above-captioned address.

4.      Defendant, Allstate Insurance Company, is a corporation or other business entity existing, operating, and doing business under the laws of the Commonwealth of Pennsylvania, which maintains its principal place of business at the above-captioned address.

5.      At all times material hereto, Defendant, Heather Frantz, was the owner and operator of a 2007 Honda Accord bearing Delaware registration 517648.

3

Case ID: 220801057

6.     At all times material hereto, Defendant, Heather Frantz, was operating her vehicle in accordance with the ride-share/food delivery service known as DoorDash, owned by Defendant, DoorDash, Inc.

7.     At all times material hereto, Defendant, DoorDash, Inc., offered a job and/or assignment providing direction/guidance as to the pickup location, delivery location, and directions on how to proceed from the pickup to delivery locations.

8.     Defendant, Allstate Insurance Company, is a for-profit company that provides, among other things, auto, homeowners, and renters' insurances to members of the public.

9.     The Defendant, Allstate Insurance Company, is an "insurer" for purposes of 42 Pa. C.S.A. § 8371.

10.     At all times relevant hereto, the Defendant, Allstate Insurance Company, engaged as their actual, apparent, and/or ostensible agents, servants and/or employees various adjusters and other staff involved in any way in the handling, adjusting, investigation, management, decision-making and other respects with respect to the claim by Plaintiff who at all times were acting within the course and scope of their agency and/or employment.

11.     Defendant, Allstate Insurance Company is liable for the negligent and/or reckless acts or omissions of their actual, apparent, and/or ostensible agents, attorneys, servants and/or employees under theories of respondent superior, master-servant, agency, and right of control.

12.     The harms described herein are a direct result of the acts and/or omissions of the Defendants, jointly and severally, including their attorneys in handling the claims, representatives, agents, servants, and/or employees.

4

13.     Defendant, Allstate Insurance Company, regularly conducts business in Philadelphia County, Pennsylvania and offers insurance policies through multiple agencies located in Philadelphia County, Pennsylvania.

14.     On or about August 20, 2020, Plaintiff was the operator of a motor vehicle traveling on E. Lancaster Avenue at or near the address of 555 E. Lancaster Avenue, Radnor Township within the Commonwealth of Pennsylvania, when Defendant, Heather Frantz, operating her vehicle on behalf of and/or in conjunction with Defendant DoorDash' s delivery service application collided with Plaintiff's vehicle causing severe and extensive injury to Plaintiff set forth more fully at length below.

15.     This accident was caused solely from the negligence and carelessness of Defendants and was in no manner whatsoever due to any act of negligence on the part of Plaintiff.

16.     Defendant, DoorDash, Inc., has denied to provide liability and/or bodily injury coverage for Defendant, Heather Frantz.

17.     Defendant, Heather Frantz, possessed an automobile insurance policy with Nationwide Insurance Company; however, Nationwide Insurance company denied coverage due to the use of the DoorDash application.

18.     At the time of this accident, Plaintiff owned a registered motor vehicle which was insured by Defendant, Allstate Insurance Company policy number 801 852 400.

19.     Plaintiff paid Defendant an increased premium to purchase uninsured/underinsured Motorist Benefits.

20.     Defendant accepted the increased premium payment from Plaintiff in exchange for the Uninsured/Underinsured Motorist Benefits.

5

21.     Because Defendant, Heather Frantz, did not carry sufficient or any liability coverage to fully compensate Plaintiff, Plaintiff has asserted a claim against Defendant, Allstate Insurance Company, for Uninsured/Underinsured Motorist benefits arising out of the aforesaid automobile accident.

22.     Plaintiff submitted a claim for Uninsured/Underinsured benefits to the Defendant, Allstate Insurance Company, and complied with all of Defendant Allstate's requests pursuant to the policy of insurance.

23.     Defendant, Allstate Insurance Company, denied coverage in response to the Plaintiff's request for Uninsured/Underinsured Motorist Claim. (A true and correct copy of Defendant Allstate's denial of coverage dated May 24, 2022; Uninsured/Underinsured Motorist Coverage Benefits is attached hereto **Exhibit "A"**).

24.     In denying the Uninsured/Underinsured Motorist Coverage Benefits, Defendant, Allstate Insurance Company, cites the so-called "regular use exception" within their Policy. (See **Exhibit "A"**).

25.     By denying the Uninsured/Underinsured Motorist Benefits claim submitted by Plaintiff, Defendant, Allstate Insurance Company, has breached the Policy (contract) of insurance.

26.     By relying on the "regular use exception" to the Policy, Defendant, Allstate Insurance Company, is relying upon an alleged exception which has been invalidated by the Superior Court of Pennsylvania in the case of Rush v. Erie Ins. Exch., 265 A.3d 794.

27.     By the time Defendant, Allstate Insurance Company, sent their denial on May 24, 2022, the Rush v. Erie Ins. Exch., 265 A.3d 794 opinion was published, and Defendant was aware that the regular use exception was not valid and had been invalidated by the Court.

6

Case ID: 220801057

28.     Based on the above, Plaintiff files this matter seeking Declaratory Judgment on the Policy, specifically finding that Defendant, Allstate Insurance Company, must provide uninsured/underinsured Coverage Benefits to Plaintiff arising from the August 20, 2020, accident described herein.

29.     Based on the above, Plaintiff files this matter seeking a determination that Defendant, Allstate Insurance Company, has breached the contract of insurance (Policy) by refusing to provide coverage and settle the claim within the applicable Policy limits.

30.     Based on the above, Plaintiff files this matter seeking a determination that Defendant has engaged in bad faith claims handling practices, in violation of both common law bad faith as well as statutory bad faith pursuant to 42 Pa. C.S.A. 8371.

## COUNT I – NEGLIGENCE
## MICHAEL CLARK v. HEATHER FRANTZ and DOORDASH, INC.

31.     Plaintiff, Michael Clark, hereby incorporates the preceding paragraphs as if same were set forth at length herein.

32.     The negligence and carelessness of Defendants herein consisted of any and all of the following:

   (a)   Operating a motor vehicle while using a handheld device;
   (b)   Using a GPS and failing to maintain appropriate vision or view on the roadway;
   (c)   Driving while distracted while using a handheld device;
   (d)   Texting while driving;
   (e)   failure to maintain an assured clear distance from other vehicles on the roadway;
   (f)   failure to properly operate said vehicle;
   (g)   failure to apply brakes sufficiently in time to avoid an accident;
   (h)   failure to properly calculate distance of vehicle with respect to other vehicles on the road;
   (i)   changing lanes when it was unsafe to do so;
   (j)   failure to drive at a reasonable speed;
   (k)   failure to remain in a single lane;
   (l)   failure to be aware of other vehicles on the roadway;

7

    (m)    failure to remain in control of the vehicle;

    (n)    failure to use all prudent and necessary care for vehicular travel under the circumstances;

    (o)    violating applicable sections of Title 75 and /or ordinances and codes for the Commonwealth of Pennsylvania and such other statutes, such as 75 Pa.C.S.A. 3316, and case law governing the operation of motor vehicles on the streets and highways; and

    (p)    such other acts of negligence and carelessness as may be adduced through discovery or at trial.

33.    Due to all foregoing, Plaintiff suffered severe, permanent, and disabling personal injuries to the bones, muscles, nerves, tendons, tissues, discs, and blood vessels of his body as well as severe emotional upset, any and all of which are or may be permanent and all of which caused his great physical pain and mental anguish, with respect to the following, including but not limited to: neck, shoulders, back, knees, internal injuries of an unknown nature, severe aches, pains, mental anxiety and anguish, severe shock to his entire nervous system, exacerbation of all known and unknown pre-existing medical conditions, if any, and other injuries that will represent a permanent and substantial impairment of Plaintiff's bodily functioning that substantially impairs Plaintiff's ability to perform his daily life activities, and the full extent of which is not yet known.

34.    As a further result of the said accident, Plaintiff has suffered severe pain, mental anguish, humiliation, and embarrassment, and he will continue to suffer same for an indefinite period of time in the future

35.    As a further result of the said accident, Plaintiff has and will probably in the future, be obliged to receive and undergo medical attention, which was or will be reasonable and necessary arising from the aforesaid accident and will otherwise incur various expenditures for the injuries he has suffered.

Case ID: 220801057

36.     As a further result of the said accident, Plaintiff has incurred medical expenses that were reasonable, necessary, and causally related to the aforesaid accident as a result of the injuries he sustained in this accident.

37.     As a further result of the said accident, Plaintiff has been unable to attend to his daily chores, duties, and occupations, and he will be unable to do so for an indefinite time in the future, all to his great financial detriment and loss.

38.     As a further result of the said accident, Plaintiff has and will suffer severe loss of his earnings and/or impairment of his earning capacity.

**WHEREFORE**, Plaintiff, Michael Clark, demands judgment in her favor and against the Defendants, Heather Frantz and DoorDash, Inc., for compensatory damages in excess of fifty-thousand dollars ($50,000.00) together with interest and costs of suit.

### COUNT II – NEGLIGENT ENTRUSTMENT
### MICHAEL CLARK v. DOORDASH, INC.

39.     Plaintiff, Michael Clark, hereby incorporates the preceding paragraphs as if same were set forth at length herein.

40.     As discussed more fully above, Defendant DoorDash, Inc., secured the services of Defendant, Heather Frantz, via the application known as DoorDash.

41.     Defendant, DoorDash, Inc., provided job opportunities/assignments to Defendant, Heather Frantz via the application known as DoorDash.

42.     Defendant, DoorDash, Inc., provided pick-up/delivery locations for Defendant, Heather Frantz, to complete job opportunities/assignments.

43.     Defendant, DoorDash, Inc., provided turn-by-turn instructions via Defendant Heather Frantz' wireless device requiring her to engage in the use of the same while she operated the vehicle for the purposes of the DoorDash application.

9

Case ID: 220801057

44.     Based on information and belief, Defendant, Heather Frantz, has a history of negligent and careless driving infractions that were known or should have been known to Defendant DoorDash, Inc.

45.     The negligence and carelessness of Defendants consisted of the following:

   (a)    negligently entrusting a motor vehicle to Defendant, Heather Frantz, when Defendant, DoorDash, Inc., knew or should have known of her negligent and careless manner of driving;

   (b)    negligently and carelessly failing to properly investigate the background and driving record of Defendant, Heather Frantz;

   (c)    hiring Defendant, Heather Frantz, to drive a vehicle in violation and/or contradiction of Defendant DoorDash, Inc.'s policies and/or procedures;

   (d)    failing to conduct a proper motor vehicle driving background and criminal background search(es) in relevant jurisdictions which would have alerted Defendant, DoorDash, Inc., to Defendant Heather Frantz' negligent and/or careless driving record; and

   (c)    failing to exercise due care under the circumstances.

46.     The proximate cause of Plaintiff's injuries was Defendant DoorDash, Inc.'s permitting Defendant Heather Frantz to drive her vehicle on the date of the accident in connection with its delivery service application.

47.     Had Defendant DoorDash, Inc. followed their policies and procedures regarding hiring and retention of drivers, Defendant Heather Frantz, would not have been hired.

48.     All of Plaintiff's losses are due to the negligence and carelessness of Defendants, without any action or inaction on Plaintiff's part contributing thereto.

   **WHEREFORE**, Plaintiff, Michael Clark, demands judgment in her favor and against the Defendants, Heather Frantz and DoorDash, Inc., for compensatory damages in excess of fifty-thousand dollars ($50,000.00) together with interest and costs of suit.

## COUNT III – DECLARATORY JUDGMENT
## MICHAEL CLARK V. ALLSTATE INSURANCE COMPANY

Case ID: 220801057

49.     Plaintiff, Michael Clark, hereby incorporates the preceding paragraphs as if the same were set forth at length herein.

50.     Plaintiff was injured in a motor vehicle collision by an uninsured/underinsured motor vehicle on August 20, 2020.

51.     On the date of said motor vehicle collision, the Plaintiff's Personal Auto Policy with Defendant, Allstate Insurance Company, was in full force and effect.

52.     The Plaintiff is not in possession of the subject insurance policy but knows that Defendant Allstate is.

53.     The Personal Auto Policy provides uninsured/underinsured motorists coverage.

54.     As the named insured under the Personal Auto Policy, Plaintiff is eligible for, and entitled to recover underinsured motorist benefits from Defendant, Allstate Insurance Company, under said Policy for any damages caused to Plaintiff as a result of injuries sustained by Plaintiff, by an uninsured/underinsured motorist operating an underinsured motor vehicle, while Plaintiff was operating a regularly used vehicle that was owned by his employer.

55.     As the named insured, Plaintiff is eligible for and entitled to recover underinsured motorists benefits from Defendant, Allstate Insurance Company, under said Policy for any damages caused to Plaintiff by an uninsured/underinsured motorist operating an uninsured/underinsured motor vehicle while Plaintiff was operating a regularly used vehicle that was owned by his employer.

56.     Plaintiff paid and was charged an additional premium for underinsured motorist coverage under the Personal Auto Policy.

57.     The additional premiums paid by Plaintiff under said Policy was for uninsured/underinsured motorist coverage applicable to any damages caused to Plaintiff by an

Case ID: 220801057

uninsured/underinsured motorist operating an uninsured/underinsured motor vehicle while Plaintiff was operating a vehicle as to which he was an insured.

58.     Defendant, Allstate Insurance Company, has denied and disclaimed coverage for underinsured motorist benefits to Plaintiffs under the Personal Auto Policy by reason of the regular use exclusion contained in the Policy.  (See **Exhibit "A"**).

59.     The regular use exclusion under these circumstances violates the Pennsylvania MVFRL. Rush v. Erie Ins. Exch., 265 A.3d 794. (A true and correct copy of the Superior Court's Decision in Rush v. Erie Ins. Exch., 265 A.3d 794 is attached hereto as **Exhibit "B"**).

60.     The regular use exclusion under the prevailing circumstances also violates Pennsylvania public policy. (See **Exhibit "B"**).

61.     Defendant, Allstate Insurance Company, has wrongfully, willfully and wantonly refused to provide underinsured motorist coverage to the Plaintiff under the Personal Auto Policy.

62.     The refusal of Defendant, Allstate Insurance Company, to make underinsured motorist coverage available to the Plaintiff is unlawful, illegal and in wanton and willful disregard of the rights of the Plaintiff.

63.     The denial and disclaimer of underinsured motorist coverage to the Plaintiff under the Personal Auto Policy are material breaches of said Policy.

64.     The denial and disclaimer of underinsured motorist coverage to Plaintiff under the Personal Auto Policy is in direct violation of the specific terms and provisions of the MVFRL.

65.     Defendant, Allstate Insurance Company, has acted wantonly, willfully and in reckless disregard of the rights of the Plaintiff.

Case ID: 220801057

66.     Plaintiff is entitled to a declaration that she is entitled to recover underinsured motorist coverage under the Personal Auto Policy in connection with the aforesaid motor vehicle collision.

67.     The controversy poses an issue for judicial determination under the Declaratory Judgment Act.

68.     The controversy involves substantial rights of the parties to the action.

69.     A judgment of this court in this action will also be useful for the purpose of clarifying and settling the legal relations at issue between the parties.

70.     A judgment of this Court will determine, terminate and afford relief from the uncertainty and controversy giving rise to this action.

71.     Plaintiff is entitled to counsel fees as a result of the vexatious and obdurate conduct of Defendant, Allstate Insurance Company, in the handling and defense of her underinsured motorist claims under the Personal Auto Policy.

WHEREFORE, Plaintiff respectfully request that the Court enter an Order:

(a)     Declaring that the regular use exclusion which forms the basis of the denial and disclaimer of coverage by Defendant, Allstate Insurance Company, is void and unenforceable under the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa. C.S.A. § 1701 et seq., under the facts presented;

(b)     Declaring that Plaintiff is entitled to recover underinsured motorist benefits from Defendant, Allstate Insurance Company, under the Personal Auto Policy in question in connection with injuries sustained by Plaintiff in the August 20, 2020 motor vehicle collision;

(c)     Awarding counsel fees and costs; and

(d)     Such other relief as the Court deems appropriate.

**COUNT IV – UNINSURED/UNDERINSURED MOTORIST CLAIM
MICHAEL CLARK V. ALLSTATE INSURANCE COMPANY**

72.     Plaintiff hereby incorporates the preceding paragraphs by references as if set forth at length herein.

13

Case ID: 220801057

73.     As stated above, there was a contract of insurance between Plaintiff and Defendant, Allstate Insurance Company, that provided for Uninsured/Underinsured Motorist Benefits in the event that Plaintiff was injured by an underinsured driver. (See **Exhibit "A"**).

74.     As stated above, and despite demands for the same, Defendant, Allstate Insurance Company, has refused to provide Uninsured/Underinsured Motorist Benefits to Plaintiff.

**WHEREFORE**, Plaintiff, Michael Clark, demands judgment in his favor and against Defendants for compensatory damages in excess of fifty-thousand dollars ($50,000.00), together with interest, costs of suit, and any other relief that this Court deems appropriate.

## COUNT V – BREACH OF CONTRACT AND GOOD FAITH AND FAIR DEALING (COMMON LAW BAD FAITH) MICHAEL CLARK V. ALLSTATE INSURANCE COMPANY

75.     Plaintiff, Michael Clark, hereby incorporates the preceding paragraphs as if same were set forth at length herein.

76.     Plaintiff was injured in a motor vehicle collision by an underinsured motor vehicle on August 20, 2020.

77.     On the date of said motor vehicle collision, the Plaintiff's Personal Auto Policy was in full force and effect.

78.     The Personal Auto Policy provides underinsured motorists coverage.

79.     The insurance policies imposed certain contractual and other duties on Defendant. Allstate Insurance Company.

80.     Defendant, Allstate Insurance Company, owed Plaintiff the duty to adhere to the terms and conditions of the Policy.

81.     The contract included within it a covenant of good faith and fair dealing.

14

82.     Defendant, Allstate Insurance Company, owed Plaintiff a duty to reasonably evaluate her claims in a timely manner.

83.     Defendant, Allstate Insurance Company, owed the Plaintiff a duty to settle any claims arising out of the motor vehicle accident within the applicable policy limits.

84.     Defendant, Allstate Insurance Company, owed the Plaintiff a duty to adhere to an honor existing case law as it pertains to the so-called "regular use" exception.

85.     Despite this expectation, Defendant, Allstate Insurance Company, denied the applicable coverage contrary to valid case law as in Rush.

86.     Plaintiff relied upon and reasonably believed that Defendant, Allstate Insurance Company, would fulfill their contractual obligations and duties.

87.     Given the circumstances of the accident, and the nature of Plaintiff's injuries and claims, Defendant, Allstate Insurance Company, knows or reasonably should know that the value of Plaintiff's claims is far in excess of all available limits of coverage pursuant to the Policy.

88.     Given that the Superior Court invalidated the so-called "regular use" exception in the case of Rush v. Erie Ins. Exch., 265 A.3d 794, Defendant, Allstate Insurance Company, knows or reasonably know that Plaintiff is entitled to all available underinsured coverages pursuant to the Policy.

89.     Based upon the facts pleaded above, immediately below, and in the other counts set forth in this Complaint, Defendant, Allstate Insurance Company, breached their contractual obligations under the insurance policies with the Plaintiff by:

      i.   Failing to timely process Plaintiff's claim;
     ii.   Forcing Plaintiff to spend money hiring their own experts;
   iii.   Conducting an investigation, evaluation and assessment with the purpose and effect of protecting and serving Defendant's own interests, rather than providing proper and faithful consideration to the Plaintiff's interests;

Case ID: 220801057

iv. Creating and implementing unlawful and inadequate policies, guides, procedures and practices with regard to claims investigations and claims handling;

v. Failure to adhere to Defendant's policies, guides, procedures, and practices with regard to claims investigations and claims handling;

vi. Implementing and pursuing a claims handling/litigation policy and strategy with the design and purpose of deterring claims rather than protecting the interests of their insureds;

vii. Failure to timely and adequately communicate with Plaintiff;

viii. Actively and intentionally misrepresenting the status of Defendant's investigation of Plaintiffs' claims;

ix. Breaching known legal duties to the Plaintiff out of financial self-interests;

x. Making redundant, unnecessary, and pretextual requests for documents and other materials;

xi. Failing to pay insurance proceeds in a timely manner;

xii. Misrepresenting the alleged "ongoing" nature of their investigation into Plaintiffs' claim and the claim's status;

xiii. Reaching and relying upon improper, self-serving and inadequate assumptions regarding the amount and probability of damages and exposure;

xiv. Failing to settle the claim for the policy limits within a reasonable period of time;

xv. Implementing and pursuing a claims handling/litigation policy and strategy with the design and purpose of deterring claims rather than protecting the interests of their insureds;

xvi. Refusing to adhere to settled law and apply the same to the claim of the Plaintiff;

xvii. Acknowledging that the law does not support Defendant's position by letter of May 24, 2022 but refusing to do as the law required anyway;

xviii. Ignoring the Superior Court's decision in <u>Rush v. Erie Ins. Exch.</u>, 265 A.3d 794.

90. As a direct and proximate result of Defendant's breach of its contractual duties and legal obligations of good faith as described above, Plaintiff suffered significant damages, including, but not limited to the damages identified above.

91. All of Plaintiffs' losses were solely and proximately caused by the actions and conduct of the Defendants, without any contribution, negligence, want of action, or other wrongdoing by the Plaintiffs.

16

Case ID: 220801057

**WHEREFORE**, Plaintiff demands judgment in her favor and against Defendant, Allstate Insurance Company, for compensatory damages in excess of fifty-thousand dollars ($50,000.00), including without limitation, as authorized under the law governing each claim, compensatory, consequential, and other damages, as well as the damages provided pursuant to the common law, and such further relief as the Court may direct.

<u>**COUNT V – BAD FAITH PURSUANT TO 42 PA.C.S.A. 8371**</u>
<u>**MICHAEL CLARK v. ALLTATE INSURANCE COMPANY**</u>

92.　　Plaintiff, Michael Clark, hereby incorporates the preceding paragraphs as if same were set forth at length herein.

93.　　Plaintiff was injured in a motor vehicle collision by an underinsured motor vehicle on August 20, 2020.

94.　　On the date of said motor vehicle collision, the Plaintiff's Personal Auto Policy was in full force and effect.

95.　　The Defendant, Allstate Insurance Company, is an "insurer" for purposes of 42 Pa. C.S.A. 8371.

96.　　Plaintiff was an "insured" for purposes of 42 Pa. C.S.A. 8371.

97.　　Plaintiff was injured in a motor vehicle collision by an underinsured motor vehicle on Michael Clark.

98.　　On the date of said motor vehicle collision, the Plaintiff's Personal Auto Policy was in full force and effect.

99.　　The Personal Auto Policy provides uninsured/underinsured motorists coverage.

100.　　The insurance policies imposed certain contractual and other duties on Defendant, Allstate Insurance Company.

17

101.    Defendant, Allstate Insurance Company, owed Plaintiff the duty to adhere to the terms and conditions of the Policy.

102.    The contract included within it a covenant of good faith and fair dealing.

103.    Defendant, Allstate Insurance Company, owed Plaintiff a duty to reasonably evaluate her claims in a timely manner.

104.    Defendant, Allstate Insurance Company, owed the Plaintiff a duty to settle any claims arising out of the motor vehicle accident within the applicable policy limits.

105.    Defendant, Allstate Insurance Company, owed the Plaintiff a duty to adhere to an honor existing case law as it pertains to the so-called "regular use" exception.

106.    Plaintiff relied upon and reasonably believed that Defendants would fulfill their contractual obligations and duties.

107.    Given the circumstances of the accident, and the nature of Plaintiff's injuries and claims, Defendant, Allstate Insurance Company, knows or reasonably should know that the value of Plaintiff's claims is far in excess of all available limits of coverage pursuant to the Policy.

108.    Given that the Superior Court invalidated the so-called "regular use" exception in the case of Rush v. Erie Ins. Exch., 265 A.3d 794, Defendant, Allstate Insurance Company, knows or reasonably should know that Plaintiff is entitled to all available underinsured coverages pursuant to the Policy.

109.    Based upon the facts pleaded above, immediately below, and in the other counts set forth in this Complaint, Defendant, Allstate Insurance Company, breached their contractual obligations under the insurance policies with the Plaintiff by:

       i.   Failing to timely process Plaintiff's claim;
      ii.   Forcing Plaintiff to spend money hiring their own experts;

Case ID: 220801057

    iii. Conducting an investigation, evaluation and assessment with the purpose and effect of protecting and serving Defendant's own interests, rather than providing proper and faithful consideration to the Plaintiff's interests;

    iv. Creating and implementing unlawful and inadequate policies, guides, procedures and practices with regard to claims investigations and claims handling;

    v. Failure to adhere to Defendant's policies, guides, procedures, and practices with regard to claims investigations and claims handling;

    vi. Implementing and pursuing a claims handling/litigation policy and strategy with the design and purpose of deterring claims rather than protecting the interests of their insureds;

    vii. Failure to timely and adequately communicate with Plaintiff;

    viii. Actively and intentionally misrepresenting the status of Defendant's investigation of Plaintiffs' claims;

    ix. Breaching known legal duties to the Plaintiff out of financial self-interests;

    x. Making redundant, unnecessary, and pretextual requests for documents and other materials;

    xi. Failing to pay insurance proceeds in a timely manner;

    xii. Misrepresenting the alleged "ongoing" nature of their investigation into Plaintiffs' claim and the claim's status;

    xiii. Reaching and relying upon improper, self-serving and inadequate assumptions regarding the amount and probability of damages and exposure;

    xiv. Failing to settle the claim for the policy limits within a reasonable period of time;

    xv. Implementing and pursuing a claims handling/litigation policy and strategy with the design and purpose of deterring claims rather than protecting the interests of their insureds;

    xvi. Refusing to adhere to settled law and apply the same to the claim of the Plaintiff;

    xvii. Acknowledging that the law does not support Defendant's position by letter of November 19, 2021 but refusing to do as the law required anyway;

    xviii. Ignoring the Superior Court's decision in Rush v. Erie Ins. Exch., 265 A.3d 794.

110. As a direct and proximate result of Defendant's breach of its contractual duties and legal obligations of good faith as described above, Plaintiff suffered significant damages, including, but not limited to the damages identified above.

Case ID: 220801057

111.   All of Plaintiffs' losses were solely and proximately caused by the actions and conduct of the Defendants, without any contribution, negligence, want of action, or other wrongdoing by the Plaintiffs.

**WHEREFORE**, Plaintiff demands judgment in her favor and against Defendants, Allstate Insurance Company, in an amount in excess of the arbitration limits for all properly available damages under each and any of the claims set forth herein, including without limitation, as authorized under the law governing each claim, consequential, and other damages, as well as the damages provided pursuant to 42 Pa.C.S.A. 8371 and the common law, including without limitation punitive damages, costs including attorney's fees, pre-judgment interest, post-judgment interest, and such further relief as the Court may direct.

**SCHATZ, STEINBERG & KLAYMAN**

By: _____
        Sean M. Fulmer (PA ID 309245)
        *Attorney for Plaintiff*

Date: August 8, 2022

20

Case ID: 220801057

# **V E R I F I C A T I O N**

I, Sean M. Fulmer, Esquire hereby verifies that I am counsel for the Plaintiff in the within

action and that the facts set forth in the foregoing Plaintiff's Civil Action Complaint are true and

correct to the best of my knowledge, information and belief; and that the foregoing Verification is

made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.


_____
SEAN M. FULMER (PA ID 309245)
*Attorney for Plaintiff*

Date: <u>August 8, 2022</u>

# EXHIBIT "A"

Case ID: 220801057

Troutman Pepper Hamilton Sanders LLP
3000 Two Logan Square, Eighteenth and Arch Streets
Philadelphia, PA 19103-2799



troutman.com

**Kristin H. Jones**
D 215.981.4897
F 215.754.4103
Kristin.jones@troutman.com

May 24, 2022

**Via Email (dklayman@s2firm.com)**

Dana M. Klayman, Esquire
Schatz Steinberh Klayman
1500 John F. Kennedy Blvd.
Two Penn Center, Suite 1300
Philadelphia, PA 19102

Re:   **Michael Clark – Claim No. 0600112320**

Dear Ms. Klayman:

I understand that you are representing Michael Clark in his claim for UM benefits under his personal Allstate auto insurance policy (no. 801 852 400).  Because Mr. Clark's claim implicates the regular use exclusion, Allstate retained me to evaluate coverage in light of the Pennsylvania Superior Court's recent decision in <u>Rush v. Erie</u>.  As explained below, we believe it is premature to make a final coverage assessment at this time.

Michael Clark was involved in an accident on August 20, 2020 while driving a 2014 Ford Van in the course and scope of his employment as a service manager for William T. Galbraith Fuel Oil Company, Inc.  When stopped at a traffic light, Mr. Clark was rear-ended by Heather Franz, who was driving a 2007 Honda Accord.  Ms. Franz was driving for Door Dash at the time of the accident.  Based on a letter you provided, it appears that Door Dash's insurer, Assurant, denied coverage on July 21, 2021 for the bodily injury liability claim a failure to cooperate with their investigation.  Based on a November 20, 2020 letter you provided, it appears Ms. Franz's personal auto insurer, Nationwide Insurance Company, denied bodily injury liability coverage for the claim because her operation of the vehicle for Door Dash was excluded under the policy.  As such, Mr. Clark has made a claim for uninsured motorist (UM) benefits under his employer's policy, issued by Federated Insurance.  According to your March 23, 2022 letter, you are still investigating the limits of the Federated Mutual UM coverage.

Mr. Clark is also seeking to make a claim for UM benefits under his personal Allstate policy, which he acknowledges would be secondary to the coverage under his employer's policy.  Mr. Clark has UM benefits in the amount of $15,000 per person/$30,000 per accident with stacking for four vehicles.

Case ID: 220801057

**Dana M. Klayman, Esquire**
May 24, 2022
Page 2



---

Mr. Clark's Allstate policy includes a regular use exclusion, which precludes recovery of UM benefits where:

> 6. bodily injury to you or a resident relative while in, on, or getting into or out of or when struck by a non-owned motor vehicle not insured for Uninsured Motorists Coverage under this policy if that non-owned motor vehicle is available for the regular use of you or a resident relative.

By its plain language, this exclusion would preclude Mr. Clark from recovering UM benefits under his Allstate policy.

We have been monitoring the Rush v. Erie litigation, and we are aware that the Pennsylvania Superior Court issued a decision on October 22, 2021 holding that the regular use exclusion violates the MVRFL. That decision is at odds with case law, including two controlling Supreme Court decisions. See, Williams v. GEICO, 32 A.3d 1195 (Pa. 2011) (Pennsylvania Supreme Court decision upholding the regular use exclusion); Burstein v. Prudential Prop. & Cas. Ins. Co., 809 A.2d 204 (Pa. 2002) (same); see also Eckert v. Unitrin Auto Home Ins. Co., No. 1013 EDA 2019, 2020 Pa. Super. Unpub. LEXIS 249, *6-7 (Pa. Super. Jan. 22, 2020) (Pennsylvania Superior Court decision that followed the precedent of Williams and was authored by Judge Dubow, who also authored Rush v. Erie). Accordingly, Erie has filed a Petition for Allowance of Appeal to the Pennsylvania Supreme Court (37 MAL 2022).

Given the ongoing proceedings, it is premature to make a final coverage decision at this juncture. We will continue to monitor the outcome of Rush v. Erie through the appellate process until a final, unappealable decision has been reached. At that time, Allstate will assess its coverage obligation and, if coverage is owed, will work with you to promptly complete any remaining investigation and evaluate your client's claim.

In the meantime, Allstate has received your specials package, which will expedite evaluation of your client's claim in the event that the Superior Court's October 22, 2021 decision remains intact through any further appeal. However, should coverage be afforded, Allstate will not be able to fully evaluate your client's UM claim without the following additional information:

1. An explanation of why Door Dash's insurer, Assurant, denied bodily injury liability coverage. Assurant's July 27, 2021 letter states that "Unfortunately, your breach of the duties of the contract has resulted in the denial of coverage under this loss." Allstate needs to understand what duties were breached, by whom, and whether that breach was cured. This is particularly important because the letter notes that "should you provide the information we have requested, we will continue the investigation into this matter." Accordingly, it seems possible based on this letter that it bodily injury liability coverage may still be available and that this may not be a UM claim.

Case ID: 220801057

**Dana M. Klayman, Esquire**
May 24, 2022
Page 3



---

2.  An explanation of whether primary UM/UIM coverage is available under the policy issued by Federated Insurance to Mr. Clark's employer.

This letter is an acknowledgement of the October 22, 2021 <u>Rush v. Erie</u> decision and the potential effect of that decision on your client's' UM claim.  It is not a concession as to any legal obligation.  Nor is it a concession that your client's UM claim is worth any particular value.

Allstate fully reserves any and all rights under the policy and the law.

If you have any questions or would like to discuss this matter, please feel free to reach out.   If I have misstated any facts set forth in this letter, or if you believe there are additional facts that bear on this coverage analysis, please let me know.


Sincerely,

Kristin H. Jones


Cc via email:      Adam Kerr (Adam.Kerr@allstate.com)



Case ID: 220801057

# EXHIBIT "B"

Case ID: 220801057

Rush v. Erie Insurance Exchange, 265 A.3d 794 (2021)

2021 PA Super 215

KeyCite Yellow Flag - Negative Treatment
Appeal Granted by Rush v. Erie Insurance Exchange, Pa., June 27, 2022

265 A.3d 794
Superior Court of Pennsylvania.

Matthew RUSH and Kathleen McGrogan-Rush
v.
ERIE INSURANCE EXCHANGE, Appellant

No. 1443 EDA 2020
|
Argued June 23, 2021
|
Filed October 22, 2021
|
Reargument Denied December 28, 2021

**Synopsis**

**Background:** Insureds brought action against automobile insurer for declaratory judgment that regular use exclusion of underinsured motorist (UIM) coverage in personal policy was unenforceable against insured injured while using police car. The Court of Common Pleas, Northampton County, Civil Division, No. C-48-CV-2019-01979, Stephen G. Baratta, J., entered summary judgment in favor of insureds.

**[Holding:]** The Superior Court, No. 1443 EDA 2020, Dubow, J., held that as matter of first impression, exclusion was unenforceable.

Affirmed.

**Procedural Posture(s):** On Appeal; Motion for Summary Judgment.

West Headnotes (4)

[1]   **Appeal and Error** ⟜ Insurers and insurance
Automobile insurer's challenge to trial court's finding that regular use exclusion of underinsured motorist (UIM) coverage was unenforceable presented purely legal question over which scope of review was plenary and standard of review was de novo.

2 Cases that cite this headnote

[2]   **Insurance** ⟜ Financial responsibility requirements
Where provision of insurance contract contravenes Motor Vehicle Financial Responsibility Law (MVFRL), Superior Court shall find that provision unenforceable. 75 Pa.C.S. §§ 1701 et seq.

3 Cases that cite this headnote

[3]   **Insurance** ⟜ Regular or frequent use
Regular use exclusion of underinsured motorist (UIM) coverage for police detective under his personal automobile policies while using police car conflicted with Motor Vehicle Financial Responsibility Law (MVFRL) requirement to provide UIM coverage for insured's injuries arising out of use of motor vehicle and, therefore, was unenforceable. 75 Pa. Cons. Stat. Ann. § 1731(c).

4 Cases that cite this headnote

[4]   **Appeal and Error** ⟜ Theory and Grounds of Decision Below and on Review
Superior Court is not bound by lower court's reasoning, and may affirm trial court's order on any valid basis.

Case ID: 220801057

Rush v. Erie Insurance Exchange, 265 A.3d 794 (2021)

2021 PA Super 215

Appeal from the Order Entered June 26, 2020, In the Court of Common Pleas of Northampton County Civil Division at No(s): No. C-48-CV-2019-01979, Stephen G. Baratta, J.

**Attorneys and Law Firms**

Glen Shikunov, Plymouth Meeting, for appellant.

Mark K. Altemose, Bethlehem, for appellee.
BEFORE: BENDER, P.J.E., DUBOW, J., and STEVENS, P.J.E.*

**Opinion**

OPINION BY DUBOW, J.:

*795 Appellant, Erie Insurance Exchange ("Erie Insurance"), appeals from the order entered in the Northampton County Court of Common Pleas granting Appellees' ("Insureds") Motion for Summary Judgment in this declaratory judgment action. Erie Insurance challenges the trial court's holding that the "regular use" exclusion clause is unenforceable because it violates the Motor Vehicle Financial Responsibility Law ("MVFRL"). After careful review, we affirm and in this case of first impression, hold that the "regular use" exclusion conflicts with the MVFRL and is unenforceable.

Matthew Rush, a City of Easton police detective, suffered serious injuries when two other drivers crashed into his police car on November 28, 2015. The parties agree that Insureds did not own or insure the police car on their Erie Policies and that Mr. Rush regularly used the car for work.

The City of Easton insured the police car through a policy of insurance ("the Easton Policy") that provided for, *inter alia*, $35,000 in underinsured motorist ("UIM") coverage.[1]

Additionally, Insureds insured three personal automobiles on two insurance policies through Erie Insurance. Insureds paid for stacked UIM coverage on both policies ("Erie Policies"). The first policy provided for $250,000 of UIM coverage on one vehicle and the second provided for $250,000 of UIM coverage stacked on two vehicles.[2]

Both Erie Policies include identical "regular use" exclusion clauses, limiting the scope of UIM coverage under the policies. In particular, the "regular use" exclusion precludes Erie Insurance from providing UIM coverage when an insured suffers injuries arising from the use of a motor vehicle that he (1) regularly uses, (2) does not own, and (3) does not insure on the Erie Policies. The relevant provision of the Erie Policies provides:

This insurance does not apply to:

> Bodily injury to "you" or a "resident" **using a non-owned "motor vehicle"** or a "non-owned" miscellaneous vehicle **which is regularly used by "you"** or a "resident", **but not insured for uninsured or underinsured motorist coverage under this policy.**

Trial Ct. Op., dated 6/26/20, at 3 (emphasis changed); R.R. 542a, 548a.

The insurance companies for the other drivers and the City of Easton provided Insureds with their policy limits. Insureds then filed a claim for UIM benefits under the Erie Policies. Erie Insurance denied coverage based on the "regular use" exclusion.

On March 7, 2019, Insureds filed the underlying declaratory judgment action seeking judicial determination of whether the MVFRL allows Erie Insurance to limit the scope of its UIM policies through the "regular use" exclusion. On December 9, 2019, the parties filed cross Motions for Summary Judgment.

By Order dated June 26, 2020, the trial court granted summary judgment in favor of Insureds, holding that the "regular use" exclusion in the Erie Policies violates the requirements of the MVFRL.

*796 Appellant timely filed a Notice of Appeal and complied with Pa.R.A.P. 1925(b). Appellant raises the following issues on appeal:

> 1. Whether the trial court erred in invalidating the "regular use" exclusion?

Case ID: 220801057

2. Whether the trial court erred in granting Appellees' [M]otion for [P]artial [S]ummary [J]udgment, and declaring that the "regular use" exclusion in an auto insurance policy issued to Appellees by Appellant is repugnant to and violates various provisions of the [MVFRL]?

Appellant's Br. at 4.

[1] In both of its issues, Erie Insurance challenges the trial court's finding that the "regular use" exclusion violates the MVFRL. Erie Insurance argues that the "regular use" exclusion is an enforceable limitation on the scope of UIM coverage that it must provide to Insureds. Appellant's Br. at 9-10, 21-34.

This is a purely legal question over which our scope of review is plenary and standard of review is *de novo*. *Generette v. Donegal Mut. Ins. Co.*, 598 Pa. 505, 957 A.2d 1180, 1189 (2008).

**The Motor Vehicle Financial Responsibility Law**

Our analysis necessarily begins with the MVFRL, which governs automobile insurance coverage in Pennsylvania. 75 Pa.C.S. §§ 1701-99.7. "[T]he MVFRL is comprehensive legislation governing the rights and obligations of the insurance company and the insured under liability insurance policies covering motor vehicles." *Sayles v. Allstate Ins. Co.*, 656 Pa. 99, 219 A.3d 1110, 1124 (2019). "[T]he provisions of the MVFRL pertaining to the required scope of coverage and content of automobile insurance policies, and benefits payable thereunder, impose mandatory obligations applicable to all automobile insurance providers in this Commonwealth[.]" *Id.*

[2] Importantly, where a provision of an insurance contract contravenes the MVFRL, we shall find that provision unenforceable. *Id.* at 1123. *See also Generette*, 957 A.2d at 1191 (holding that "stipulations in a contract of insurance in conflict with, or repugnant to, statutory provisions which are applicable to, and consequently form a part of, the contract, must yield to the statute, and are invalid, since contracts cannot change existing statutory laws" (citation omitted)). This is because "[i]nsurers do not have a license to rewrite statutes." *Prudential Prop. And Cas. Ins. Co. v. Colbert*, 572 Pa. 82, 813 A.2d 747, 751 (2002) (holding that insurers cannot limit MVFRL's definitions "and thereby provide coverage of a lesser scope than the MVFRL requires.").

Section 1731 of the MVFRL governs the scope of UIM coverage in Pennsylvania. 75 Pa.C.S. § 1731. It provides that, absent a rejection of coverage, insurers shall provide UIM coverage that "protect[s] persons who suffer injury arising out of the maintenance or use of a motor vehicle and are legally entitled to recover damages therefor from owners or operators of underinsured motor vehicles." *Id.* at § 1731(c).

Insurers are relieved of the obligation of providing UIM coverage only when an insured waives such coverage by executing a statutorily prescribed rejection form. *Id.* at §§ 1731(c), (c.1). In the absence of a signed and valid rejection form, "uninsured or underinsured coverage, or both, as the case may be, under that policy shall be equal to the bodily injury liability limits." *Id.* at § 1731(c.1).

Taken as a whole, Section 1731 mandates that insurers provide insureds coverage when the insured satisfies three requirements. The insured must (1) have **\*797** suffered injuries arising out of the maintenance or use of a motor vehicle; (2) be legally entitled to recover damages from the at-fault underinsured driver; and (3) have not rejected UIM coverage by signing a valid rejection form. *Id.* at §§ 1731(c), (c.1).

We emphasize that Section 1731 defines the scope of UIM coverage broadly. It requires UIM coverage whenever an insured suffers injuries "arising out of the ... use of a motor vehicle." *Id.* at § 1731(c) (emphasis added). Section 1731 does not consider who owns the vehicle and the frequency with which the insured uses it.

Rush v. Erie Insurance Exchange, 265 A.3d 794 (2021)

2021 PA Super 215

**Enforceability of the "Regular Use" Exclusion to UIM Coverage**

[3] The parties do not dispute that, absent the "regular use" exclusion clause, Insureds would be eligible to receive UIM benefits under the Erie Policies. Mr. Rush satisfied all three of the ⬜ Section 1731 requirements: he suffered injuries arising out of use of a motor vehicle, was legally entitled to recover damages from the at-fault underinsured drivers, and never signed a rejection form waiving his right to UIM coverage.[3]

Erie Insurance, however, argues that its "regular use" exclusion precludes Insureds from recovering UIM benefits because Mr. Rush suffered injuries while operating a vehicle that he regularly used but did not own. Appellant's Br. at 9-45.

The trial court found that the "regular use" exclusion is unenforceable because it modifies the clear and unambiguous requirements of the MVFRL and functions to preclude Mr. Rush from accessing UIM benefits to which he would otherwise be entitled. Trial Ct. Op. at 9-10.

[4] We agree with the trial court's conclusion.[4] The "regular use" exclusion in the Erie Policies limits the scope of UIM coverage required by ⬜ Section 1731 by precluding coverage if an insured is injured while using a motor vehicle that the insured regularly uses but does not own. This exclusion conflicts with the broad language of ⬜ Section 1731(c), which requires UIM coverage in those situations where an insured is injured arising out of the "use of a motor vehicle." In other words, the exclusion limits ⬜ Section 1731(c)'s coverage mandate to situations where an insured is injured arising out of "use of an owned or occasionally used motor vehicle." Since the "regular use" exclusion conflicts with the clear and unambiguous language of Section 1731 of the MVFRL, it is unenforceable.

In support of its argument, Appellant cites ⬜ *Williams v. GEICO Govt. Emp. Ins. Co.*, 613 Pa. 113, 32 A.3d 1195, 1199 (2011), a case addressing "whether the regular-use exclusion, as applied to a state trooper, is void as against a public policy that favors protecting first responders." Our

Supreme Court, after conducting a public policy analysis, concluded that the insured had failed to meet the high burden of establishing that the regular use exclusion violated the public policy supporting the MVFRL. ⬜ *Id.* at 1206.

We note that the Court, *in dicta*, stated that a "regular use" exclusion clause did not violate the express terms of the *798 MVFRL. ⬜ *Id.* at 1208. Since this was not the issue before the Court on appeal, it is *dicta* and we are not bound by it. *See* ⬜ *Commonwealth v. Romero*, 646 Pa. 47, 183 A.3d 364, 400 n.18 (2018). (explaining that *dictum* is "judicial comment made while delivering a judicial opinion, but one that is unnecessary to the decision in the case and therefore not precedential[.]").

Additionally, the Supreme Court in ⬜ *Williams* relied upon ⬜ *Erie Ins. Exch. v. Baker*, 601 Pa. 355, 972 A.2d 507 (2008) (plurality decision), which our Supreme Court abrogated in ⬜ *Gallagher v. GEICO Indemn. Co.*, 650 Pa. 600, 201 A.3d 131, 135 (2019).

In conclusion, since the "regular use" exclusion limits the scope of UIM coverage that the MVFRL requires Erie Insurance to provide to Insureds, it is unenforceable.[5]

Order affirmed.

**All Citations**

265 A.3d 794, 2021 PA Super 215

Case ID: 220801057

## Footnotes

*    Former Justice specially assigned to the Superior Court.

1    "UIM coverage is triggered when the tortfeasor's liability coverage is not sufficient to cover the injuries incurred in an accident." *Generette v. Donegal Mut. Ins. Co.*, 598 Pa. 505, 957 A.2d 1180, 1189 (2008).

2    "Stacking" refers to the combination of insurance coverage of individual vehicles to increase the amount of total coverage available to an insured.

3    Appellant properly followed the priority of recovery set forth 75 Pa.C.S. § 1733(a), by recovering UIM benefits first under the Easton Policy as the "primary policy," then seeking benefits under the Erie Policies as "secondary policies."

4    Although we come to the same conclusion as the trial court, our reasoning differs. We note that we are not bound by the lower court's reasoning, and "we may affirm the trial court's order on any valid basis." *Dockery v. Thomas Jefferson University Hospitals, Inc.*, 253 A.3d 716, 721 (Pa. Super. 2021).

5    *Amici*, Insurance Federation of Pennsylvania, Inc., Pennsylvania Association of Mutual Insurance Companies, and Pennsylvania Defense Institute, Inc., argue that this Court must uphold the "regular use" exclusion because it insulates insurers from having to provide coverage for the unknown risk associated with an insured regularly driving a vehicle unbeknownst to the insurer. *Amici* Br. at 7. In *Gallagher*, 201 A.3d at 138 n.6, our Supreme Court rejected the same argument, explaining, "[w]e recognize that this decision may disrupt the insurance industry's current practices; however, we are confident that the industry can and will employ its considerable resources to minimize the impact of our holding."

End of Document                                    © 2022 Thomson Reuters. No claim to original U.S. Government Works.

# EXHIBIT "B"

**SCHATZ STEINBERG & KLAYMAN**
By: Sean M. Fulmer, Esquire
Atty. I.D. No. 309245
1500 John F. Kennedy Boulevard
Suite 1300
Philadelphia, PA  19102
(215)845-0250

Attorney for Plaintiff



*Filed and Attested by the Office of Judicial Records 14 SEP 2022 11:31 am B. MERCEDES*

| | | |
|---|---|---|
| **MICHAEL CLARK** | : | **COURT OF COMMON PLEAS** |
| | : | **PHILADELPHIA COUNTY** |
| **Plaintiff,** | : | |
| | : | **AUGUST TERM, 2022** |
| **v.** | : | |
| | : | **NO. 1057** |
| **HEATHER FRANTZ,** | : | |
| **DOOR DASH, INC. and** | : | |
| **ALLSTATE INSURANCE COMPANY** | : | |
| | : | |
| **Defendants.** | : | |

## AFFIDAVIT OF SERVICE

I, Sean M Fulmer, Esquire, being duly sworn according to law, depose and say that on

August 22, 2022, a true and correct copy of Plaintiff's Civil Action Complaint was served on

defendant, Door Dash, Inc. at 303 2nd Street, Suite 800, San Francisco, CA 94017 via certified

mail (no. 7022 0410 0003 4350 8632), domestic return receipt (no. 9590 9402 7039 1225 0434

99).  See domestic return receipt and usps.com online printout attached hereto as Exhibit "A."


**SCHATZ STEINBERG & KLAYMAN**

*Sean Fulmer*

_____
SEAN M. FULMER, ESQUIRE
Attorney for Plaintiff

Date:  September 9, 2022

**SENDER: COMPLETE THIS SECTION**

- ■ Complete items 1, 2, and 3.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Door Dash, Inc.
303 2nd Street, Suite 800
San Francisco, CA 94017

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
9590 9402 7039 1225 0434 99

2. Article Number. (Transfer from service label)
7022 0410 0003 4350 8632

PS Form 3811, July 2020 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ☐ Agent
☐ Addressee

B. Received by (Printed Name) | C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery
☐ Restricted Delivery

Domestic Return Receipt

---

USPS TRACKING #

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖

9590 9402 7039 1225 0434 99

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

**United States Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box•

SCHATZ
STEINBERG
KLAYMAN

1500 JOHN F. KENNEDY BOULEVARD
TWO PENN CENTER, SUITE 1300
PHILADELPHIA, PA 19102

( Michae

# USPS Tracking®

FAQs >

### Track Another Package +

**Tracking Number:** 70220410000343508632

Remove ✕

Your item was delivered to the front desk, reception area, or mail room at 12:46 pm on August 22, 2022 in SAN FRANCISCO, CA 94107.

**USPS Tracking Plus® Available** ⌄

## ⊘ Delivered, Front Desk/Reception/Mail Room

August 22, 2022 at 12:46 pm
SAN FRANCISCO, CA 94107

**Get Updates** ⌄

Feedback

---

**Text & Email Updates** ⌄

---

**Tracking History** ⌃

August 22, 2022, 12:46 pm
Delivered, Front Desk/Reception/Mail Room
SAN FRANCISCO, CA 94107
Your item was delivered to the front desk, reception area, or mail room at 12:46 pm on August 22, 2022 in SAN FRANCISCO, CA 94107.

August 21, 2022, 9:45 pm
Departed USPS Regional Facility
SAN FRANCISCO CA DISTRIBUTION CENTER

Case ID: 220801057

August 21, 2022
In Transit to Next Facility

August 21, 2022, 4:21 pm
Arrived at USPS Regional Facility
SAN FRANCISCO CA DISTRIBUTION CENTER

August 19, 2022, 9:41 pm
Arrived at USPS Regional Origin Facility
PHILADELPHIA PA DISTRIBUTION CENTER

August 19, 2022, 6:11 pm
USPS picked up item
PHILADELPHIA, PA 19103

---

**USPS Tracking Plus®**                                    ⌄

Feedback

**Product Information**                                    ⌃

**Postal Product:**                    **Features:**
                                       Certified Mail™

---

**See Less** ⌃

# Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs**

# EXHIBIT "C"

**SCHATZ STEINBERG & KLAYMAN**
By: Sean M. Fulmer, Esquire
Atty. I.D. No. 309245
1500 John F. Kennedy Boulevard
Suite 1300
Philadelphia, PA  19102
(215)845-0250

Attorney for Plaintiff



Filed and Attested by the
Office of Judicial Records
14 SEP 2022 11:29 am
B. MERCEDES

| | | |
|---|---|---|
| MICHAEL CLARK | : | **COURT OF COMMON PLEAS** |
| | : | **PHILADELPHIA COUNTY** |
| **Plaintiff,** | : | |
| | : | **AUGUST TERM, 2022** |
| v. | : | |
| | : | **NO. 1057** |
| **HEATHER FRANTZ,** | : | |
| **DOOR DASH, INC. and** | : | |
| **ALLSTATE INSURANCE COMPANY** | : | |
| | : | |
| **Defendants.** | : | |

## AFFIDAVIT OF SERVICE

I, Sean M Fulmer, Esquire, being duly sworn according to law, depose and say that on August 22, 2022, a true and correct copy of Plaintiff's Civil Action Complaint was served on defendant, Heather Frantz at 27219 Caravel Drive, Millsboro, DE 19966 via certified mail (no. 7022 0410 0003 4350 8625), domestic return receipt (no. 9590 9402 7039 1225 0433 52).  See domestic return receipt and usps.com online

printout attached hereto as Exhibit "A."

**SCHATZ STEINBERG & KLAYMAN**

*Sean Fulmer*

_____
SEAN M. FULMER, ESQUIRE
Attorney for Plaintiff

Date:  September 9, 2022

Case ID: 220801057

# EXHIBIT A

Case ID: 220801057

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Heather Frantz
27219 Caravel Drive
Millsboro, DE 19966

9590 9402 7039 1225 0433 52

2. Article Number (Transfer from service label)

7022 0410 0003 4350 8625

PS Form 3811, July 2020 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X Chris Singu
☐ Agent
☐ Addressee

B. Received by (Printed Name)
C Singu

C. Date of Delivery
8-22-22

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

---

USPS TRACKING #

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

9590 9402 7039 1225 0433 52

United States
Postal Service

• Sender: Please print your name, address, and ZIP+4® in this box•

SCHATZ
STEINBERG
KLAYMAN
ATTORNEYS AT LAW

1500 JOHN F. KENNEDY BOULEVARD
TWO PENN CENTER, SUITE 1300
PHILADELPHIA, PA 19102

(Michael Cash...)

# USPS Tracking®

FAQs >

## Track Another Package +

**Tracking Number:** 70220410000343508625

Remove ✕

Your item was delivered to an individual at the address at 11:23 am on August 22, 2022 in MILLSBORO, DE 19966.

**USPS Tracking Plus® Available** ⌄

## ⊘ Delivered, Left with Individual

August 22, 2022 at 11:23 am
MILLSBORO, DE 19966

**Get Updates** ⌄

---

**Text & Email Updates** ⌄

---

**Tracking History** ⌃

August 22, 2022, 11:23 am
Delivered, Left with Individual
MILLSBORO, DE 19966
Your item was delivered to an individual at the address at 11:23 am on August 22, 2022 in MILLSBORO, DE 19966.

August 22, 2022, 8:28 am
Out for Delivery
MILLSBORO, DE 19966

Case ID: 220801057

**August 22, 2022, 8:17 am**
Arrived at Post Office
MILLSBORO, DE 19966

**August 21, 2022**
In Transit to Next Facility

**August 20, 2022, 4:16 pm**
Departed USPS Regional Origin Facility
WILMINGTON DE DISTRIBUTION CENTER

**August 20, 2022, 12:19 pm**
Arrived at USPS Regional Origin Facility
WILMINGTON DE DISTRIBUTION CENTER

**August 19, 2022, 9:41 pm**
Arrived at USPS Regional Origin Facility
PHILADELPHIA PA DISTRIBUTION CENTER

**August 19, 2022, 6:11 pm**
USPS picked up item
PHILADELPHIA, PA 19103

Feedback

**USPS Tracking Plus®**                                        ⌄

**Product Information**                                        ⌃

**Postal Product:**                    **Features:**
                                       Certified Mail™

**See Less** ⌃

Case ID: 220801057

# Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs**

Feedback

Case ID: 220801057